UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 00-43-P-H |
| ) | |
| MICHAEL R. LaPLANTE, ) | |
| ) | |
| DEFENDANT ) | |

**ORDER ON DEFENDANT'S MOTIONS TO MODIFY
CONDITIONS OF SUPERVISED RELEASE**

On October 9, 2007, I conducted a hearing on a petition to revoke Michael LaPlante's supervised release. Upon the submission of documentary evidence, I found that LaPlante had violated two terms of his supervised release by committing the state crime of terrorizing and by using alcohol in January of 2006. The terrorizing was directed against LaPlante's wife[1] and involved threatening and poking her with a 2.5 foot metal pipe. See Gov't Ex. 1.

During the dispositional portion of the hearing, the government introduced additional exhibits. They supported the Probation Officer's Revocation Report, describing a separate, much more recent, incident in August of 2007, when LaPlante stabbed a couch immediately adjacent to where his wife's 10-year-old son was sitting. See Gov't Exs. 8-9.

---

[1] At the time of the 2006 incident, they were not married. They married later, in February 2007.

In his oral statement to me at sentencing on the supervision violations, LaPlante said:

> I met this lady . . . and later married her, not realizing this person could be the downfall of my life and my supervised release. . . .
>
> [E]verything was just great, all except for the woman I chose to be my wife for the rest of my life. I've never tried harder at anything than with her and our relationship. I went back to her over and over again hoping that I could change her into a good person, but unfortunately it never happened.
>
> I finally realize now, and hopefully not too late, that there is no hope for her and I and it is without a doubt time to move on and make a life for myself. I've pushed and pushed to try to get help for my bipolar disorder and Your Honor, I've finally succeeded, which is a real awesome feeling and a situation so greatly needed.
>
> I'm asking the Court to give me the one chance to prove myself and let me pick myself back up and do what I need to do to get back on my feet. Now being on medication and with my thinking cap on and make a good life for myself. Doing the paperwork to making my wife my ex and getting a lifelong protection order served on her will happen immediately once I am released.

Tr. at 17-19. I sentenced LaPlante to six months in prison, followed by fifty months of supervised release. Among other conditions of supervised release, I required mental health treatment, compliance with any prescribed medication regimen, abstinence from alcohol or controlled substances, and "no communication or contact with [his wife], unless granted permission to do so by the U.S. Probation Office." Revocation Judgment (Docket Item 31).

LaPlante has now filed two successive motions to modify the conditions of supervised release, asking that I remove the restriction on contact with his wife. He states:

> As of February 14, 2007 we officially made ourselves life long partners and were married in the town of Saco, Maine. We are devoted to each other and plan to keep raising my step son ... as well as our whole family in a structured environment.

Mot. for Modification of Supervised Release (Docket Item 36) at 1. LaPlante maintains that now he is taking "correct medication" for his bipolar disorder and that his wife is now on medication for lyme disease and that counseling for her will help their marriage and family. Id. He expects to be released March 6, 2008. Id. at 2. He says that the limitation I imposed violates the due process clause of the Fifth Amendment because it interferes with intimate relationships. Id. at 1. The government objects to the requested modification. See Gov't Opp'n to Def.'s Mot. to Modify Sentence (Docket Item 35).

The time has passed for correction of a sentence under Fed. R. Crim. P. 35(a) (7 days) and for filing a notice of appeal of the sentence under Fed. R. App. P. 4(b) (10 days). Nevertheless, under Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583(e)(2), a court may modify a condition of supervised release at any time before supervised release expires. The motion, therefore, is timely. I decline to modify the condition at this time, however, for these reasons:

(1) History demonstrates that LaPlante sometimes fails to maintain his medication regimen and that his conduct toward his wife and her child has been volatile and physically dangerous.

(2) Despite the violence that LaPlante has exhibited toward his wife and her child, I recognized the conjugal relationship by not making the contact prohibition outright, but subject to Probation Office consent. I shaped the

3

condition to account for LaPlante's sometimes unstable medical condition, his medication practices, circumstances that would provide safety for his wife and her child, etc.

(3) I cannot know now the circumstances as they will exist when LaPlante is released. Obviously, LaPlante's attitude toward his wife is subject to change, as demonstrated by the contrast between his statements about her at the hearing in October and those in his current motions.

(4) This case is quite unlike United States v. Roberts, No. 04-00037-1 and No. 04-00037-2, 2007 U.S. Dist. LEXIS 55950 (E.D. Pa. July 31, 2007), a case that LaPlante cites. There, the crime was drug dealing, and no violence was alleged. As a result of the standard condition of supervised release that a defendant not associate with any other felon except with a probation officer's permission, U.S. Sentencing Guidelines Manual § 5D1.3(c)(9), gay partners (each was convicted of the drug dealing crime) with a cohabitation history of 18 years and a child they had raised were prohibited from communication or contact after their release from prison. United States v. Roberts, 2007 U.S. Dist. LEXIS 55950, at 6. There was no issue of violence or even of resuming their illegal activities. Considering the case on appeal, the Third Circuit noted that the Probation Office improperly "read[] the District Court's order as mandating that defendants not be granted permission to associate with one another except under extraordinary circumstances," United States v. Roberts, 229 Fed. Appx. 172, 175 (3d Cir. 2007), and "instruct[ed] the District Court on remand to address defendants' actual request, which is for modification or clarification of the proper application of the

4

anti-association condition, in light of the probation office's allegedly unlawful exercise of its discretion." Id. at 178.  On remand, the sentencing judge ordered the probation office to allow the defendants to associate in person, by telephone, by mail, and by email, but required separate permission for any change of residence.  United States v. Roberts, 2007 WL 55950, at *16-17.

Here, in contrast to Roberts, the condition I imposed is not a standard condition, but is specially devised to deal with LaPlante's medical condition and his history of violence toward his wife and her son.  It gives the Probation Officer authority to craft appropriate conditions for contact or communication, if the circumstances safely permit.  I cannot predict now what LaPlante's medical condition will be upon his release, nor what his attitude then will be toward his wife and her son, nor what conditions the Probation Officer may impose as appropriate under the circumstances as they then exist.

Accordingly, I **DENY** LaPlante's motion to modify this condition of supervised release at this time.  The time to determine whether the condition is appropriate or appropriately applied is after LaPlante is released and after the Probation Office determines what circumstances, if any, allow communication/contact between LaPlante and his wife.

**SO ORDERED.**

**DATED THIS 12TH DAY OF DECEMBER, 2007**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5